Diane K. RAMBACHER,
Plaintiff–Appellant,

v.

BEMUS POINT CENTRAL SCHOOL DISTRICT, Defendant–Appellee,

Albert D'Attilio, Terrance L. Woodfield, Jr., Gordon R. Nelson, Jerome G. Adams, Karen L. Bohall, Debra A. Raynor, Fletcher E. Ward, Vernon E. Wetmore, Thom E. Shagla, Judiht A. Briggs, John P. Sitzenstatter, Lior A. McGowan, and Pierer E. Chagon, Defendants.

No. 07–4728–cv.

United States Court of Appeals, Second Circuit.

Jan. 22, 2009.

---

Christen Archer Pierrot, Chiacchia & Fleming, LLP, Hamburg, NY, for Appellant.

James R. Grasso, Phillips Lytle LLP, Buffalo, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges, RICHARD K. EATON, Judge.*

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting

## SUMMARY ORDER

Plaintiff Diane K. Rambacher appeals from a judgment of the District Court, entered on September 28, 2007, following a successful motion for summary judgment filed by defendants, who are plaintiff's former employer—the Bemus Point Central School District ("School District")—and supervisors. Plaintiff alleged that defendants failed to provide a reasonable accommodation in light of plaintiff's disability and impermissibly discriminated against plaintiff because of her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). On appeal, plaintiff argues that the District Court erred in concluding that there were no disputed issues of material fact regarding (1) plaintiff's qualification for reinstatement in her previous position, *see Rambacher v. Bemus Point Cent. Sch. Dist.,* No. 01–CV–338A, 2007 WL 2892622, at *1, 2007 U.S. Dist. LEXIS 72836, at *1–2 (W.D.N.Y. Sept. 28, 2007); (2) the availability of plaintiff's previous position, *id.* at *1–2, 2007 U.S. Dist. LEXIS 72836, at *4; and (3) whether similarly-compensated positions were unavailable, so that plaintiff's only option for renewed employment was to take a significant pay cut, *id.* at *2–3, 2007 U.S. Dist. LEXIS 72386, at *6–7. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's grant of summary judgment *de novo,* construing all facts in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

We examine claims of workplace discrimination, including claims brought under the ADA, according to the burden-shifting protocol established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (establishing a "burden-shifting" analysis for claims brought under Title VII of the Civil Rights Act of 1964). *See, e.g., Reg'l Econ. Cmty. Action Program v. City of Middletown,* 294 F.3d 35, 48–49 (2d Cir.2002) (applying *McDonnell Douglas* burden-shifting protocol to ADA claim). *McDonnell Douglas* requires a plaintiff to produce some evidence showing the *prima facie* elements of a discrimination claim, whereupon the "burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the termination." *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004) (internal quotation marks omitted). If a defendant produces admissible evidence showing legitimate business reasons for terminating plaintiff, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted). Summary judgment is appropriate where "the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext." *Id.* Of course, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (internal quotation marks omitted).

■ The District Court adopted a magistrate judge's recommendation that plaintiff had not shown that she was qualified

by designation.

for the position she had previously held and therefore could not prove an element of a *prima facie* claim of discrimination under the ADA. *See Rambacher,* 2007 WL 2892622, at *1, 2007 U.S. Dist. LEXIS 72836, at *1–2 ("[T]he Court adopts the proposed findings ... that summary judgment was appropriate because there was insufficient evidence to show that the plaintiff was qualified to perform the duties of Computer Coordinator with or without reasonable accommodation."); *see also Shannon v. N.Y. City Transit Auth.,* 332 F.3d 95, 99 (2d Cir.2003) (stating that the elements of a *prima facie* claim under the ADA are "(1) [defendant] is subject to the ADA; (2) [plaintiff] was a person with a disability within the meaning of the ADA; (3) [plaintiff] was otherwise *qualified to perform the essential functions of his job,* with or without reasonable accommodation; and (4) [plaintiff] suffered adverse employment action because of [plaintiffs] disability" (emphasis added)).[1] We disagree. It is undisputed that, for several years prior to taking medical leave in June 1997, plaintiff held the position she was seeking again in June 1998—"Computer Coordinator." The following facts are also undisputed. In December 1997, plaintiff requested an extension of her medical leave until July 1, 1998. In February 1998, while plaintiff was on medical leave, plaintiff's treating psychiatrist wrote to the School District, stating, "It its my opinion that [plaintiff] is on the mend, and will be able to return to her regular duties (or equivalent) in a few months' time, as depression, even severe (as hers is), is treatable." A few months later, in June 1998, plaintiff contacted the School District,

asked to be reinstated in her former position, and volunteered for a medical examination by a physician or psychiatrist of the defendants' choosing to prove her competency. The School District had previously approved plaintiff's medical leave "subject to the right of the District to obtain a further physical and/or psychological examination of Ms. Rambacher prior to her either returning to work or extending her leave beyond that granted herein." However, for reasons that are unclear, the School District did not seek an examination of plaintiff. Under these circumstances, there is sufficient evidence in the record for the question of plaintiff's qualification for the job to be submitted to a jury. Summary judgment on this ground was therefore inappropriate.

■ Although the magistrate judge's recommendation to grant summary judgment was based solely on plaintiff's qualification for the position of Computer Coordinator, the District Court added two additional reasons for granting summary judgment. First, the District Court concluded that "the undisputed evidence indicates that the Computer Coordinator position was no longer available as a result of a [School] District reorganization." *Rambacher,* 2007 WL 2892622, at *1, 2007 U.S. Dist. LEXIS 72836, at *4. We disagree. After plaintiff requested extension of her medical leave in December 1997, the School District replied, through its attorneys, that "the Board is not able to keep Ms. Rambacher's former position open, and will almost certainly fill that position very shortly." In mid-June 1998, the School District informed plaintiff that "the administrative staff structure has been re-

---

1. The School District has not contested the first two elements of a *prima facie* ADA claim—that "(1) [defendant] is subject to the ADA; (2) [plaintiff] was a person with a disability within the meaning of the ADA." *Shannon v. N.Y. City Transit Auth.,* 332 F.3d

95, 99 (2d Cir.2003). The magistrate judge considered and explicitly rejected the School District's argument that plaintiff could not show the fourth element of a *prima facie* claim—that she "suffered adverse employment action because of [her] disability." *Id.*

organized during [plaintiff's] absence, and as a result the position she held would not be available for her in the event she returned." However, the Superintendent of the School District stated in his affidavit that the position was only filled "effective February 1, 1998 through June 30, 1998." The Superintendent's affidavit goes on to state that plaintiff's replacement "was appointed Computer Coordinator ... until June 30, 1998 because the plaintiff had then been absent for approximately seven and a half months and had also requested a further leave of absence until July 1, 1998." This evidence suggests that plaintiff's position would have been available on July 1, 1998. Therefore, plaintiff has shown evidence in the record that would permit a jury to conclude that the School District's reason for not hiring plaintiff to her old position was pretextual.

■ Second, the District Court concluded that because "plaintiff has not presented any evidence to support her contention that a position more suitable than the one offered (Library Aide) was vacant, summary judgment is appropriate on that ground as well." [2] *Rambacher*, 2007 WL 2892622, at *2, 2007 U.S. Dist. LEXIS 72836, at *7. Here too, we disagree. Although reassignment to a vacant position may be considered a "reasonable accommodation" where a disabled employee's former position is no longer available, *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir.1999), plaintiff has established a triable issue of fact as to whether her prior position was available when she attempted to return to work. Therefore, summary judgment on this ground was inappropriate.

For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** for further proceedings consistent with this order.

---

2. Plaintiff claims—and defendants apparently do not dispute—that she earned approximately $43,600 as a Computer Coordinator in the 1997–98 school year, but that the compensation for a "Library Aide" was only $17,000.